COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-05-411-CR

 

ANTHONY MANNING                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. Introduction

Anthony Manning appeals his conviction, twenty-five-year
sentence, and $100 fine for possession of 400 or more grams of a controlled
substance with intent to deliver.  In his
sole point, appellant contends that he was denied effective assistance of
counsel during the punishment phase at trial. 
We affirm.

II. Background Facts








On May 23, 2005, appellant entered an open plea of guilty
to the offense of possession of 400 or more grams of a controlled substance
with intent to deliver.  On September 22,
2005, appellant entered a plea in bar, admitting his guilt in two other cases
in which he was charged with possession of a controlled substance under one
gram.  That same day, the trial court
assessed appellant=s punishment at twenty-five years in the
Institutional Division of the Texas Department of Criminal Justice and a $100
fine.

III. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, appellant
must show by a preponderance of the evidence that his counsel=s representation
fell below the standard of prevailing professional norms and that there is a
reasonable probability that, but for counsel=s deficiency, the
result of the trial would have been different. 
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984); Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App.
2005); Mallett v. State, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v.
State, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).  AAny allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.@  Salinas, 163 S.W.3d at 740 (quoting Thompson,
9 S.W.3d at 813).








Here, appellant has failed to provide us with a reporter=s record for
review.  Appellant and his attorney
signed the written plea admonishments which contained a waiver of Athe attendance and
record of a court reporter under Rule 13.1, Texas Rules of Appellate Procedure.@  Without evidence to the contrary, we presume
appellant received reasonably professional assistance.  See Salinas, 163 S.W.3d at 740.  Because appellant failed to provide evidence
tending to show that his attorney=s representation
fell below the standard of prevailing professional norms, we hold that
appellant has not carried his burden of proof to establish ineffective
assistance of counsel.  See Strickland,
466 U.S. at 687, 104 S. Ct. at 2065. 
Therefore, we overrule appellant=s sole point.

IV. Conclusion

Having overruled appellant=s sole point, we
affirm the trial court=s judgment.    

 

PER CURIAM

 

PANEL F:     LIVINGSTON,
J.; CAYCE, C.J.; and DAUPHINOT, J.

 

DO NOT PUBLISH

Tex. R.
App. P. 47.2(b)

 

DELIVERED:
April 13, 2006











[1]See Tex. R. App. P. 47.4.